## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ROBYN ELIZABETH PARLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Docket no. 08-cv-186-P-S |
| | ) |
| CUMBERLAND COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON MOTIONS IN LIMINE

Before the Court are:  (1) Plaintiff's Motion in Limine to Strike Defendants' Second and Third Initial Disclosures and Supplemental Interrogatory Answer as Prejudicially Untimely and for Order Excluding Previously Undisclosed Witnesses and Information (Docket # 31) ("Motion in Limine"); and (2) Plaintiff's Motion in Limine for Order Imposing Sanctions upon Defendants for Spoliation of Evidence (Docket # 34) ("Motion for Sanctions").   As explained herein, the Court DENIES with leave to refile Plaintiff's Motion in Limine and DENIES Plaintiff's Motion for Sanctions without prejudice to Plaintiff's ability to re-raise the issue of whether an adverse inference instruction is warranted at the appropriate time during trial.

### I.    PLAINTIFF'S MOTION IN LIMINE

Plaintiff moves for an Order striking Defendants' second and third initial disclosures filed on April 13, 2009 and April 15, 2009, respectively, as well as Defendants' supplemental interrogatory answer, dated May 1, 2009.  Plaintiff also asks the Court to exclude the information and/or witnesses contained in these disclosures that had not been previously disclosed. Plaintiff asserts that allowing the information and/or witnesses to be introduced "would result in unjustifiable and gross prejudice to the Plaintiff's case preparation."  (Mot. in Limine at 1.)

Plaintiff filed the instant motion before the Court issued its Order on Defendants' Motion for Partial Summary Judgment (Docket # 83), which dismissed many of Plaintiff's claims.  As the posture of the case has changed significantly since the Motion in Limine was filed, it is likely that the relevance of some of the disputed evidence is now questionable.  For example, Plaintiff asks the Court to strike the medical qualifications of a number of Defendants' witnesses who are alleged to have worked at the Cumberland County Jail.  However, because the Court has dismissed Plaintiff's claim that she received constitutionally insufficient medical care while incarcerated, the Court questions what role, if any, these witnesses will play in the trial of this matter.

Because the impact of the Court's summary judgment ruling on the instant motion is unclear, Plaintiff's Motion in Limine is DENIED WITHOUT PREJUDICE.  Plaintiff may re-file her motion to whatever extent it remains relevant given the current posture of the case.

## II.     PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff moves for an order imposing sanctions on Defendants based on their failure to preserve a videotape showing part of the altercation at issue in this case.  Specifically, Plaintiff asks the Court to issue an order:  (1) establishing as a matter of fact that Defendants destroyed the videotape and physically assaulted Plaintiff; (2) striking all defenses to Counts VI[1] (spoliation of evidence) and VIII (battery); and (3) prohibiting Defendants from introducing any evidence at trial opposing Counts VI and VIII.  Plaintiff also requests an adverse inference instruction at trial.

---

[1] The Court dismissed Count VI of Plaintiff's Complaint, which purported to state a claim for spoliation of evidence, because Maine does not recognize an independent cause of action for spoliation.  (See Order on Mot. For Partial Summ. J. (Docket # 83) at 11 n.10.)  Accordingly, Plaintiff's request to strike all defenses and prohibited the presentation of evidence in opposition to Count VI is moot.

As with the motion addressed above, Plaintiff's Motion for Sanctions was filed prior to the Court's ruling on Defendants' Motion for Partial Summary Judgment. Because the Court granted summary judgment in favor of Defendants Mary Sorrells, Cumberland County, and Sheriff Mark Dion, these defendants are no longer parties to this action. The only remaining defendants are Carl Hitchcock and David Dunnemann, who are both named in their individual capacities.

That the only remaining claims in this case are against Defendants Hitchcock and Dunnemann in their individual capacities is significant for purposes of ruling on Plaintiff's request for sanctions. Although the County does not dispute that it destroyed the videotape after it was on notice of a need to preserve evidence, there is nothing in the record indicating that Dunnemann and Hitchcock were involved in the destruction of the videotape.[2]

A key consideration in whether to impose sanctions for spoliation of evidence is the "degree of fault of the offending party." Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 29 (1st Cir. 1998). As this court has previously noted, "[i]t would be inequitable to sanction a blameless party for another's spoliation of evidence." Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d 113, 123 (D. Me. 2000).[3] In this case, Plaintiff has not shown that any fault can be attributed to either Dunnemann or Hitchcock.

The Court declines to impose any sanction on Defendants Dunnemann and Hitchcock at the present time. With the exception of Plaintiff's request for an adverse inference instruction, the sanctions sought by Plaintiff would essentially amount to judgment in her favor and are too

---

[2] Defendants argue that "[b]ecause there was no fault on the part of these individual defendants, the court should not impose the severe sanctions requested by the Plaintiff." (Defs.' Objection to Pl.'s Mot. in Limine for Order Imposing Sanctions upon Defs.' for Spoliation of Evidence (Docket # 67) at 4.) Plaintiff does not respond to this argument in her reply brief.

[3] Plaintiff cites Kounelis v. Sherrer, 529 F. Supp. 2d 503 (D.N.J. 2008), in support of her argument that sanctions are warranted. The Court acknowledges that Kounelis is factually similar to the instant action but does not find its analysis persuasive because there is no discussion as to whether the defendants in that action were responsible for the failure to produce the videotape.

severe given the lack of culpability that can be attributed to Dunnemann and Hitchcock.  See

Driggin, 141 F. Supp. 2d at 123 ("[c]ourts will impose a sanction only where there is severe

prejudice or egregious conduct.").  With respect to Plaintiff's request for an adverse inference

instruction, while the Court acknowledges that this lesser sanction might have been appropriate if

the County or Sheriff Dion were still involved in the case, see Kounelis v. Sherrer, 529 F. Supp.

2d 503, 521 (D.N.J. 2008), because there is no evidence presently before the Court showing that

Dunneman and Hitchcock were involved in the failure to preserve the videotape, the Court finds

that an adverse inference instruction is not warranted at this time.

Accordingly, the Court DENIES Plaintiff's request for sanctions without prejudice to

Plaintiff's ability to re-raise the issue of whether an adverse inference instruction is warranted

based on the evidence presented at trial.  See Mayes v. Black & Decker, Inc., 931 F. Supp. 80, 85

(D. N.H. 1996) (denying defendant's motion to exclude evidence but holding that "[w]hether the

lesser sanction of a 'spoliation inference' will be imposed awaits the development of further

testimony during the course of trial").

III.    CONCLUSION

For the reasons explained herein, the Court ORDERS that Plaintiff's Motion in Limine to

Strike Defendants' Second and Third Initial Disclosures and Supplemental Interrogatory Answer

as Prejudicially Untimely and for Order Excluding Previously Undisclosed Witnesses and

Information (Docket # 31) is DENIED WITHOUT PREJUDICE.  Plaintiff's Motion in Limine

for Order Imposing Sanctions upon Defendants for Spoliation of Evidence (Docket # 34) is

DENIED WITHOUT PREJUDICE to Plaintiff's ability to re-raise the possibility of an adverse

inference instruction at trial.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 16th day of September, 2009.